Kevin T. Cauley, Esq. (SBN 105082)
kevin@sscelaw.com
Kristen M. Bush, Esq. (SBN 285243)
kristenb@sscelaw.com
**SCHWARTZ SEMERDJIAN CAULEY & EVANS LLP**
101 West Broadway, Suite 810
San Diego, California 92101
Telephone:  (619) 236-8821
Facsimile:  (619) 236-8827

Attorneys for Plaintiff
PROPULSION CONTROLS ENGINEERING, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROPULSION CONTROLS ENGINEERING, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC SHIP REPAIR & FABRICATION, INC., a California corporation; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. '22CV1636 AJB MSB<br><br>**COMPLAINT FOR DAMAGES ON BREACH OF CONTRACT AND FOR QUANTUM MERUIT** |

Plaintiff PROPULSION CONTROLS ENGINEERING, LLC complains and alleges as follows:

## JURISDICTION

1. Jurisdiction is proper in this Court as this case presents a Federal Question arising under 28 U.S.C. § 1333 *et seq.* ("Admiralty/Maritime"). The Court has supplemental jurisdiction over the State law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

///

///

///

1

2. Venue in this Court is proper as PROPULSION CONTROLS ENGINEERING, LLC agreed by contract that disputes were to be litigated in San Diego, California. Venue in this District is also proper pursuant to 28 U.S.C. § 1391.

**PARTIES**

3. At all times relevant herein, Plaintiff PROPULSION CONTROLS ENGINEERING, LLC ("Plaintiff") was and now is a limited liability company duly organized and existing under the laws of the State of California, doing business and having its principal place of business in the County of San Diego, State of California.

4. At all times relevant herein, Defendant PACIFIC SHIP REPAIR & FABRICATION, INC. ("PACIFIC SHIP") was and now is a California corporation duly organized and existing under the laws of the State of California. Plaintiff is informed and believes and thereon alleges that PACIFIC SHIP has its principal place of business in the County of San Diego, State of California.

5. Plaintiff is informed and believes that Defendant PACIFIC SHIP and DOES 1-25, Master Ship Repair contractor, entered into a contract with the Department of the Navy ("United States"), property owner, to perform work for repair and maintenance of systems on the USS Kidd (SRA) ("the PROJECT").

6. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by fictitious names. Their true names and capacities will be alleged by amendment when the same are known. Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused damages proximately thereby to Plaintiff.

7. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants herein, including those fictitiously named, were the agents, representatives, employees, partners, joint venturers, or sureties of

1  the other, or otherwise acting on behalf of the other, and in doing the things
2  hereinafter alleged, were acting within the course and scope of their authorities of
3  said agency, employee, partnership, venture, or suretyship of the other, with the full
4  knowledge, permission, consent, or ratification of the other.

5      8.    Plaintiff is informed and believes and thereon alleges that all times
6  herein mentioned each defendant was completely dominated and controlled by their
7  co-defendants, including those fictitiously named, and each was the alter ego of the
8  other. Whenever and wherever reference is made in this complaint to any conduct by
9  defendant or defendants, such allegations and references shall also be deemed to have
10  been the conduct of each defendant, acting individually, jointly, or severally.

## FIRST CAUSE OF ACTION

### (Breach of Contract against PACIFIC SHIP REPAIR & FABRICATION, INC. and DOES 1-25)

    9.    Plaintiff herein incorporates by reference paragraphs 1 through 8 of the Complaint.

    10.    On or about August 25, 2021, Defendant PACIFIC SHIP and DOES 1-25 entered into a series of written purchase orders with Plaintiff to perform certain repair and maintenance work at the PROJECT. Under the terms of that agreement, Plaintiff was required to provide labor, materials, services, and equipment for repair and maintenance of ship systems at the PROJECT. The agreement required PACIFIC SHIP and DOES 1-25 to pay Plaintiff for such labor, materials, services, and equipment in accordance with the established contract price. A true and correct copies of the purchase orders are attached hereto as Exhibit "A."

    11.    Plaintiff furnished labor, material, services, and equipment pursuant to the written contract between Plaintiff and Defendant PACIFIC SHIP and DOES 1-25 and at the specific request of PACIFIC SHIP and DOES 1-25, in the execution of the work required in the agreement between PACIFIC SHIP and the Department of the Navy.

12. Plaintiff performed all work required by the above-referenced written agreement, all work required by modifications to the agreement, and all other conditions established by the agreement, except that work and those modifications and conditions that Plaintiff was legally excused from performing.

13. Plaintiff became entitled to payment in the sum of $1,020,661.00 in consideration of labor, materials, and services provided under the written agreement and modifications to the agreement. PACIFIC SHIP and DOES 1-25 breached the agreement in that they only paid Plaintiff the sum of zero; but there remains $1,020,661.00 due and owing to Plaintiff for the value of labor, services, materials, equipment, and supplies provided to the PROJECT at the direction of PACIFIC SHIP.

14. Plaintiff last furnished labor, material, services, and equipment to the PROJET within the year immediately preceding the date this Complaint was filed.

15. Thus, Defendant PACIFIC SHIP and DOES 1-25 have breached the terms of the subcontract with Plaintiff by failing to make payment in full to Plaintiff for its work, despite the demand that they do so. To date, Plaintiff has incurred damages in amount according to proof in the sum of at least $1,020,661.00, plus interest, attorney's fees, and costs.

## SECOND CAUSE OF ACTION
### (Quantum Meruit against PACIFIC SHIP REPAIR & FABRICATION, INC. and DOES 1-25)

16. Plaintiff herein incorporates by reference paragraphs 1 through 15 of the Complaint.

17. Within the last three years, Plaintiff rendered work, labor, services, and equipment to Defendant PACIFIC SHIP and DOES 1-25 for which Defendant PACIFIC SHIP and DOES 1-25 expressly and impliedly promised to pay Plaintiff the reasonable value of such services.

18.    At all times herein, the above services were and are the reasonable value of $1,020,661.00, however PACIFIC SHIP and DOES 1-25 only paid Plaintiff the sum of zero; but there remains $1,020,661.00 due and owing to Plaintiff.

19.    Although Plaintiff has demanded said payment from Defendant PACIFIC SHIP and DOES 1-25, there remains due, owing, and unpaid from Defendant PACIFIC SHIP to Plaintiff an amount according to proof but at least the sum of $1,020,661.00 plus interest thereon.

## THIRD CAUSE OF ACTION

**(Open Book Account against PACIFIC SHIP REPAIR & FABRICATION, INC. and DOES 1-25)**

20.    Plaintiff herein incorporates by reference paragraphs 1 through 15 of the Complaint.

21.    As an alternative and cumulative remedy, Plaintiff alleges that PACIFIC SHIP and DOES 1-25, inclusive, became indebted to Plaintiff within the last four years on an open book account for goods, wares and merchandise rendered at the special instance and request of Defendants and for which Defendants promised to pay Plaintiff.

22.    Although demand for payment of the sum of $1,020,661.00 has been made upon Defendant(s), and each of them, Defendant(s) and each of them, have failed and refused and continue to fail and refuse to pay all of any par of said sum. The sum of $1,020,661.00 remains now due, owing and unpaid from Defendants to Plaintiff, together with interest at the rate of 10% per annum from on and after June 3, 2022.

23.    Plaintiff is entitled to attorney fees pursuant to California Civil Code section 1717.5, in a sum according to proof.

///

///

///

## FOURTH CAUSE OF ACTION

### (Account Stated against PACIFIC SHIP REPAIR & FABRICATION, INC. and DOES 1-25)

24. Plaintiff herein incorporates by reference paragraphs 1 through 15 of the Complaint.

25. As an alternative and cumulative remedy, Plaintiff alleges PACIFIC SHIP and DOES 1-25, inclusive, became indebted to Plaintiff because an account was stated in writing by and between Plaintiff and Defendant(s) in which it was agreed that Defendants were indebted to Plaintiff for goods, wares, and merchandise in the sum of $1,020,661.00.

26. Although demand for payment of the sum of $1,020,661.00 has been made upon Defendant(s), and each of them, Defendant(s), and each of them, have failed and refused and continue to fail and refuse to pay said sum. The sum of $1,020,661.00 remains now due, owing and unpaid from Defendant(s) to Plaintiff, together with interest at the rate of 10% per annum from on and after June 3, 2022.

WHEREFORE, Plaintiff PROPULSION CONTROLS ENGINEERING, LLC prays for judgment as follows:

1. On the First Cause of Action for Breach of Contract: Judgment against PACIFIC SHIP REPAIR & FABRICATION, INC. and DOES 1-25 in an amount according to proof in the sum of at least $1,020,661.00 with interest thereon from a date as shall be determined at trial, and for attorney's fees as provided for by Admiralty/Maritime law;

2. On the Second Cause of Action for Quantum Meruit: For Judgment against PACIFIC SHIP REPAIR & FABRICATION, INC. and DOES 1-25 in an amount according to proof in the sum of at least $1,020,661.00 with interest thereon from a date as shall be determined at trial;

1   3.  On the Third Cause of Action for Open Book Account: For the principal sum of $1,020,661.00 with interest thereon from a date as shall be determined at trial and for attorney's fees pursuant to California Civil Code Section 1717.5 in a sum according to proof.

4.  One the Fourth Cause of Action for Account Stated: For the principal sum of $1,020,661.00 with interest thereon from a date as shall be determined at trial.

5.  For costs of suit herein incurred; and

6.  For such other and further relief as the Court may deem just and proper.

DATED: October 21, 2022

Respectfully submitted,

SCHWARTZ SEMERDJIAN
CAULEY & EVANS LLP

By: s/ Kevin T. Cauley
Kevin T. Cauley
Email: kevin@sscelaw.com
Kristen M. Bush
Email: kristenb@sscelaw.com
Attorneys for Plaintiff
PROPULSION CONTROLS
ENGINEERING, LLC